UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-20916-CR-KING/TORRES

UNITED STATES OF AMERICA

vs.

RICHARD LAVALLIERE,

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Richard Lavalliere (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 1 and 4 of the indictment, which counts charge the defendant with: 1) conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B)(ii); and 2) possession of a firearm by a convicted felon, in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

2. This Office agrees to seek dismissal of Counts 2 and 3 of the indictment after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The

defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count 1, the Court must impose a minimum term of imprisonment of five (5) years and may impose a statutory maximum term of imprisonment of up to forty (40) years, followed by a term of supervised release of a minimum of four (4) years and a maximum of life. The defendant further understands and acknowledges that as to Count 4, the Court must impose a minimum term of imprisonment of fifteen (15) years and may impose a statutory maximum term of imprisonment of up to life, followed by a term of supervised release of up to five (5) years. The defendant specifically acknowledges and agrees that he qualifies as an "armed career criminal" as defined by Title 18, United States Code, Section 924(e), and Section 4B1.4 of the United States Sentencing Guidelines. The defendant further understands and acknowledges that the Court may order that the defendant serve any terms of imprisonment imposed as to Count 1 and Count 4 consecutively, notwithstanding any recommendation made by this Office and/or the defendant that the sentences

2

be served concurrently. In addition to a term of imprisonment and supervised release, the Court may impose fines of up to $5,000,000 as to Count 1, and up to $250,000 as to Count 4.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $200 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of

3

guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The parties further agree that, though not binding on either the Probation Office or the Court, the parties shall jointly recommend at sentencing that the Court find that, pursuant to U.S.S.G. § 4B1.4(b)(3)(A), the defendant's offense level, prior to application of a three-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, is 34, and that the defendant's final adjusted offense level after application of the three-level reduction is thus 31. The parties further agree that, though not binding on either the Probation Office or the Court, the parties shall jointly recommend at sentencing that the Court find that, pursuant to U.S.S.G. § 4B1.4(c)(2), the defendant's criminal history category is VI.

9. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if

4

requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

10. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

11. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

12. This Office and the defendant agree that, at sentencing, absent any motion filed by the Government pursuant to U.S.S.G. § 5K1.1, the parties will jointly recommend that the Court impose a sentence of 210 months' imprisonment. This Office and the defendant each expressly recognize that the joint recommendation is not binding upon either the Probation Office or the Court. This Office and the defendant further recognize that no joint recommendation shall be made with respect to any term of supervised release or fine to be imposed.

13. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

14. The defendant also agrees to forfeit to the United States, voluntarily and immediately, the following assets which are subject to forfeiture pursuant to Title 21, United States Code, Section 853 and/or Title 18, United States Code, 924(d)(1), which is made applicable by Title 28, United States Code, Section 2461(c):

    a.    Real property located at 260 NW 151st Street, Miami, Florida 33169;
    b.    One (1) 2010 Honda PK, bearing Vehicle Identification Number (VIN) 5FPYK1F26AB009968;

6

    c.    One (1) Smith & Wesson M&P .40 caliber pistol, Serial Number MPX7920;
    d.    One (1) Glock Model 19 9mm pistol, Serial Number BTF947US;
    e.    One (1) Ruger Model LCP pistol .380 caliber pistol, Serial Number 374-83461;
    f.    One (1) Smith & Wesson Model 649 .38 caliber revolver, Serial Number AHT3955;
    g.    One (1) Sig Sauer Model P229 .40 caliber pistol, Serial Number AK22829;
    h.    One (1) Beretta Model 92G Elite II 9mm pistol, Serial Number BER298765;
    i.    Approximately forty-three (43) rounds of 9mm ammunition;
    j.    Approximately twenty (20) rounds of .40 caliber ammunition;
    k.    Six (6) rounds of .380 caliber ammunition;
    l.    Five (5) rounds of .38 caliber ammunition;
    m.    Fifteen (15) watches seized from the defendant on or about November 13, 2014, as more fully described as follows:
            i.    One (1) "Yachtmaster" Rolex watch;
            ii.    One (1) silver and black Rolex watch;
            iii.    One (1) silver and black Raymond Weil watch;
            iv.    One (1) silver and black Seiko watch;
            v.    One (1) silver and black Carrera watch;
            vi.    One (1) silver and black Zodiac watch;
            vii.    One (1) black Invicta watch;
            viii.    One (1) bronze and brown Sotomarino watch;
            ix.    One (1) black and red Gucci watch;
            x.    One (1) black, red and green Gucci watch;
            xi.    One (1) gold and black Sotomarino watch;
            xii.    One (1) silver and green Balmer watch;
            xiii.    One (1) silver and beige Michael Kors watch;
            xiv.    One (1) diamond-faced watch with black wristband; and
            xv.    One (1) diamond-faced Breitling watch;
    n.    Four (4) jewelry chains seized from the defendant on or about November 13, 2014; and
    o.    Approximately $1,005,269 in United States currency, seized from the defendant on or about November 13, 2014.

The defendant agrees that the above-noted property: (i) constitutes, or was derived from, proceeds obtained, directly or indirectly, as the result of the drug trafficking violation charged in Count 1 to which the defendant has agreed to plead guilty; or (ii) was used, or intended to be used, an any manner or part, to commit or to facilitate the commission of such violation, and that the property is therefore subject to forfeiture pursuant to 21 U.S.C. § 853. The defendant further agrees that the above-noted firearms and ammunition were involved in or used in the commission

of one or more of the offenses to which the defendant is pleading guilty, and are therefore subject to forfeiture pursuant to 18 U.S.C. § 924(d)(1). The defendant knowingly and voluntarily waives any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets. The defendant knowingly and voluntarily waives the right to a jury trial on the forfeiture of the assets. The defendant knowingly and voluntarily waives the right to appeal the forfeiture. The defendant further understands and agrees that forfeiture is independent of any assessments, fines, costs, restitution orders, or any other penalty that may be imposed by the Court. The defendant also waives any applicable time limits for the initiation of administrative forfeiture and/or any further notification of any judicial or administrative forfeiture proceedings brought against the said assets. This Office agrees that it shall not seek forfeiture in the current criminal case of the real property located at 135 NE 59th Street, Miami, Florida 33137.

15.  The defendant further agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of the illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. Additionally, the defendant agrees to assist in the transfer of all such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to the said assets,

including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to the said property.

16. The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if this Office appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with

the defendant's attorney.

17. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 6/1/15

By: *[signature]*
SETH M. SCHLESSINGER
ASSISTANT UNITED STATES ATTORNEY

Date: 6/1/15

By: *[signature]*
DAVID WEINSTEIN, ESQ.
ATTORNEY FOR DEFENDANT

Date: 6/1/15

By: *[signature]*
ZELJKA BOZANIC, ESQ.
ATTORNEY FOR DEFENDANT

Date: 6/1/2015

By: *[signature]*
RICHARD LAVALLIERE
DEFENDANT